IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMBER HINES, as Special Administrator and Personal Representative of the Estate for BOBBI GIBBS, deceased, and WILLIAM K. DUAME,<br><br>Plaintiffs,<br><br>vs.<br><br>XPO EXPRESS, INC., ADAM ROCKHOLD, JACK E. RUDOLPH, SR., JOSHUA M. WILLIS, and COYOTE LOGISTICS, LLC,<br><br>Defendants. | Case No. 18-CV-1157-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

The Court recently received this case from the docket of Judge David R. Herndon. In light of the transfer, the Court has undertaken a jurisdictional review of the case. Plaintiffs invoke jurisdiction pursuant to 28 U.S.C. § 1332, the diversity statute, and make jurisdictional allegations related to several defendants based upon "information and belief" (*see* Doc. 40, p. 2). It is well settled in the Seventh Circuit that jurisdictional allegations based upon information and belief are insufficient to establish federal subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).

Additionally, the law of this Circuit plainly provides that if a party is a limited liability company ("LLC"), its citizenship depends on the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012) ("a limited liability company's citizenship includes every state of which any unit holder is a citizen"). The First

Amended Complaint does not disclose the list of each member of Coyote Logistics, LLC and each member's citizenship. Accordingly, Plaintiffs shall file a Second Amended Complaint that properly sets forth the basis for subject matter jurisdiction.

Furthermore, on January 4, 2019, Plaintiff filed a motion to dismiss counts VI, VII, VIII, IX without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 65). Rule 41 allows for voluntary dismissals under certain circumstances, but the rule is circumscribed to dismissals of "actions," not "parties" or "claims," meaning that the rule cannot be used to cleave away one claim or one party from a larger case. *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015); *see also Musa v. Kabul, Inc.*, 15-cv-804, 2016 WL 4734743, at *1 (W.D. Wisc. Sept. 9, 2016). To dismiss one claim or one party from a case that otherwise will continue, a plaintiff instead must file an amended complaint, which she can do as of right in some circumstances and on motion in others. *See* FED. R. CIV. P. 15. Thus, Plaintiffs' motion to dismiss (Doc. 65) is **DENIED.** To voluntarily dismiss certain claims from this case that will otherwise proceed, Plaintiffs must file an amended complaint. Thus, Plaintiffs are also granted leave to file a Second Amended Complaint that dismisses counts VI, VII, VIII, IX, and X from this action. The Second Amended Complaint shall be filed on or before **February 5, 2019**.

    **IT IS SO ORDERED.**

    DATED:   January 15, 2019

                                                                          **NANCY J. ROSENSTENGEL**
                                                                         **United States District Judge**